IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| JAY ELLIS LAFF | : | CASE NO. 1:13-bk-01867 |
| LINDA FAITH LAFF | : | |
|    Debtors | : | |
| | : | ADV. NO. |
| | : | |
| JAY ELLIS LAFF, | : | |
|    Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| BETSY DEVOS, SECRETARY, | : | |
| UNITED STATES DEPARTMENT | : | |
| OF EDUCATION; EDFINANCIAL | : | |
| SERVICES, LLC, | : | |
|    Defendants | | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY
OF STUDENT LOAN DEBT**

**Introduction**

1. The Debtor seeks a declaration that repayment of his student loan debt constitutes an undue hardship for the Debtor and should be discharged pursuant to section 523(a)(8) of the Bankruptcy Code.

**Jurisdiction and Venue**

2. On April 11, 2013, the Debtor and his wife filed a joint voluntary petition for relief in this Court under Chapter 13 of the Bankruptcy Code.

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

**Parties**

4.     The Debtor/Plaintiff is an adult individual currently residing at 31 Fairfax Lane, Annville, PA 17003.

5.     The Defendant, Defendant, Betsy DeVos, is the Secretary of the Department of Education (hereinafter, DOE or Defendant), with headquarters located at 400 Maryland Avenue SW, Washington, DC 20202, and as such is the chief executive officer of an agency of the United States.

6.     Debtor avers, upon information and belief, that the Defendant, EdFinancial Services, services the student loans for DOE. EdFinancial Services, LLC maintains an address at 120 N. Seven Oaks Dr. Knoxville, TN 37922.

**Factual Allegations**

7.     The Debtors' Chapter 13 Bankruptcy Petition listed the DOE as a creditor.

8.     The Debtor incurred two student loans in March, 2001 in the original amounts of $109,027 and $56,456, each with an interest rate of 8.25%, to finance his son's and daughter's education.

9.     Between March, 2001 when the loans were incurred and the date of the filing of the bankruptcy on April 11, 2013, the Debtor apparently had made regular payments on the student loans, only falling behind by two payments at the time the bankruptcy was filed. EdFinancial Statements from July 16, 2012 and March 6, 2013 are attached hereto, labeled Exhibit A and incorporated herein by reference.

10.    Edfinancial filed a proof of claim on behalf of DOE on October 4, 2013 in the amount of $172,879.17. A copy of the proof of claim is attached hereto, labeled Exhibit B and incorporated herein by reference.

11.    The Debtors' Chapter 13 plan required monthly payments of $1,500.00. The Debtors have made all payments due under their plan and are eligible to receive a discharge. The Trustee is currently holding $56,028.43, most of which is earmarked for the DOE claim. The funds have not been

disbursed because the Debtors' plan provides that they may file a complaint to determine the dischargeability of the student loans. If the Debtor prevails in having the student loans declared non-dischargeable, the funds would be disbursed to other creditors.

12. The Debtor, Jay Ellis Laff, was born December 9, 1942 and is currently 75 years old. The Joint Debtor, Linda Faith Laff, was born April 14, 1944 and is currently 74 years old.

13. The Debtor's only significant assets are a home, a 2013 Hyundai and a 2012 BMW. The home and 2012 BMW are over-encumbered and have no equity. The 2013 Hyundai loan has been paid off, but the vehicle is currently worth only approximately $7,400.00.

14. The Debtor is currently employed; however, his employer has informed him that the company will close in 2020 and the Debtor will retire. At that time, he will be 77 years old and the Debtor will not be able to find comparable employment even if he were able to work.

15. The Joint Debtor is currently employed but will be unemployed because the doctor she works for plans to retire and close his office in the next two years.

16. The Debtor's only retirement plan is a 401k with a balance of $36,349.61.

17. The Debtor's only income after his company closes will be Social Security in the monthly amount of $2,023.30. The Joint Debtor's only income will be Social Security in the monthly amount of $1,671.40. Total monthly income will be $3,694.70.

18. The Debtor suffers from bladder cancer, COPD, diabetes mellitus type 2, obstructive sleep apnea, hypertension, hyperlipidemia, degenerative joint disease, anxiety, depression, diabetic neuropathy, microalbuminuria (an early sign of diabetic kidney disease) and is not in good health.

19. The Joint Debtor suffers from atrial fibrillation.

20. The Debtor's life expectancy based on the Social Security Life Expectancy Calculator is 11.6 years from his present age. This calculation does not factor in the Debtor's bladder cancer, COPD, diabetes and other health problems. The Joint Debtor's life expectancy is 14.3 years and does not factor

in her health issues. A copy of the Social Security Life Expectancy Calculator is attached hereto, labeled Exhibit C and incorporated herein by reference.

21. The monthly payment required to pay off the student loans during the Debtor's expected life of 138 months would be at least $1,943.60, not including interest.

## Argument

22. The Third Circuit employs the "Brunner" test for determining undue hardship under §523(a)(8). See In re Faish, 72 F.3d 298, 306 (3d Cir. 1995) (following Brunner v. N.Y. State Higher Educ. Servs. Corp., 831 F.2d 395 (2d Cir. 1987)).

23. The Brunner test requires a debtor seeking to discharge student loans to prove that:

(1) based on current income and expenses, the debtor cannot maintain a "minimal" standard of living for herself and her dependents if forced to repay the loans;
(2) additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for the student loans; and
(3) the debtor has made a good faith effort to repay the loans.

Faish, 72 F.3d at 304-05 (quoting Brunner, 831 F.2d at 396).

## Minimal Standard of Living

24. Based on future and current income and expenses, the Debtor cannot maintain a minimal standard of living for himself and his dependent because in less than two years the Debtor and his wife's sole income will be from Social Security.

25. The Debtors' monthly mortgage payment is $1,301.60. Electric, water and sewer average $414.00 per month. Internet and phones are $402.00 per month. Out of pocket medical expenses are $1,620.00 per month. Real estate taxes and homeowners insurance total $598.00 per month. Supplemental health insurance is $727.00 a month. Automobile insurance is $210.00 per month. These expenses total $5,272.60, without including any expense for food, transportation, and home maintenance.

26. The Debtor and Joint Debtor will not be able to afford a minimal standard of living when they have only Social Security income.

**Additional Circumstances**

27. Additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for the student loans because the Debtor will not have sufficient income to make this payment and will not live long enough to pay the student loans given his age and considerable health problems.

**Good Faith Effort to Repay**

28. The Debtor has made a good faith effort to pay the student loans.

29. Between March, 2001 when the loans were incurred and the date of the filing of the bankruptcy on April 11, 2013, the Debtor apparently had made regular payments on the student loans, only falling behind by two payments at the time the bankruptcy was filed.

30. The Debtor has made payments to the Chapter 13 Trustee that could potentially result in payment of approximately $50,000.00 to DOE.

**Conclusion**

31. Repaying the student loans will create an undue hardship on the Debtor.

32. The student loans should be discharged pursuant to 11 U.S.C.§ 523(a)(8).

**WHEREFORE,** the Debtor respectfully requests that this court enter an order discharging the student loans owed to the United States Department of Education and granting such other relief as this Court deems just.

Respectfully submitted,

/s/ Dorothy L. Mott

_____

Dorothy L. Mott, Esquire
 Mott & Gendron Law
125 State Street
Harrisburg, PA 17101
(717) 232‒6650 TEL
(717) 232-0477 FAX
doriemott@aol.com